MICHELLE UZETA (SBN164402)
ANNETTE MORASCH (SBN 263797)
amorasch@hrc-la.org
HOUSING RIGHTS CENTER
520 S. Virgil Ave., Suite 400
Los Angeles, CA 90020
Phone: (213) 387-8400, ext. 33
Fax: (213) 381-8555
Attorneys for Plaintiffs

FILED
CLERK, U.S. DISTRICT COURT

NOV 1 7 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

RENEE ORTEGA, an individual; and
FAIR HOUSING FOUNDATION, a
California non-profit corporation;

        Plaintiffs,

    vs.

LONG BEACH AFFORDABLE
HOUSING COALITION, Inc., a
California corporation;  GATEWAY
AFFORDABLE HOUSING
CORPORATION, a California
corporation d/b/a GATEWAY
AFFORDABLE HOUSING
COALITION;  HOWARD KIM
HUNTLEY, as an individual and as
Executive Director of Long Beach
Affordable Housing Coalition, Inc. and
Gateway Affordable Housing Corporation;
ERIC MANUEL, as an individual and as
a managing agent of Long Beach
Affordable Housing Coalition, Inc., and
Gateway Affordable Housing Corporation

        Defendants.

CASE NO. CV10-8798 DDP (JCGx)

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF AND
DAMAGES FOR VIOLATIONS OF:**

1. The Fair Housing Amendments Act
   of 1988, 42 U.S.C. §§ 3601 et seq.;
2. California Fair Employment and
   Housing Act, Cal. Gov't Code §
   12955, et seq.;
3. Unruh Civil Rights Act, Cal. Civil
   Code § 51;
4. Negligence

**JURY TRIAL DEMANDED**

COMPLAINT

## I.   INTRODUCTION

1. In this action Plaintiffs seek monetary, declaratory, and injunctive relief for housing discrimination based on the Defendants' refusal to provide reasonable accommodations to Plaintiff Renee Ortega, a woman with disabilities, in violation of the federal Fair Housing Act and related state laws.

2. A request for reasonable accommodation was made to Defendants by Plaintiffs, to allow Mrs. Ortega to reside with her emotional support animal, Oscar. The request was impermissibly denied, causing injury to Ms. Ortega and the Fair Housing Foundation, as a fair housing organization.

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 42 U.S.C. § 3613 and 28 U.S.C. § 1331and § 1343. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims because they are related to Plaintiffs' federal claims and arise out of a common nucleus of operative facts. Plaintiffs' state and federal claims form part of the same case or controversy under Article III of the United States Constitution.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because all of the acts or omissions giving rise to these claims occurred within the County of Los Angeles, State of California.

5. This Court has authority to grant declaratory and injunctive relief as well as compensatory and punitive damages pursuant to 42 U.S.C. § 3612(o)(3) and § 3613(c)(1), and 28 U.S.C. § 2201 and § 2202. The Court also has the authority to award reasonable attorneys' fees and costs to a prevailing party pursuant to 42 U.S.C. § 3613(c)(2).

## III.   PARTIES

6. Plaintiff Renee Ortega is a woman with multiple disabilities. Mrs. Ortega has been diagnosed with acute anxiety disorder, high blood pressure and high cholesterol levels. Mrs. Ortega also has had three surgeries on her abdomen, surgeries which

1  severed the nerves regulating her leg movement.  The nerve damage requires Mrs.

2  Ortega to rely upon a motorized wheelchair when walking even short distances.  Mrs.

3  Ortega uses her wheelchair every time she leaves her apartment.  Mrs. Ortega is an

4  individual with a disability as defined under the federal Fair Housing Amendments Act

5  (42 U.S.C. §§ 3601-3619); the California Fair Employment and Housing Act (Cal.

6  Gov't. Code § 12955 et seq.); and the Unruh Civil Rights Act (Cal. Civ. Code § 51).

7      7.  Plaintiff Fair Housing Foundation (the "FHF") is a non-profit corporation

8  organized under the laws of the state of California with its principal place of business at

9  3605 Long Beach Boulevard, Suite 302, in Long Beach, California.  FHF's mission is

10  to actively support and promote fair housing through education and advocacy to the end

11  that all persons have the opportunity to secure the housing they desire and can afford,

12  without discrimination based on their race, color, religion, gender, sexual orientation,

13  national origin, familial status, marital status, disability, ancestry, age, source of income

14  or other characteristics protected by law.  FHF engages in activities to identify barriers

15  to fair housing in Los Angeles and Orange Counties and to counteract and eliminate

16  discriminatory housing practices.  To this end, the activities in which FHF engages

17  include, but are not limited to: providing outreach and education to the community

18  regarding fair housing; investigating allegations of discrimination; conducting tests of

19  housing facilities to determine whether freedom of residence and equal opportunity are

20  provided; and taking such steps as it deems necessary to assure such equal opportunity

21  and counteract discriminatory housing practices.   FHF is an "aggrieved party" within

22  the meaning of 42 U.S.C. § 3602(i) and California Gov. Code § 12927(g).

23      8.  Upon information and belief, Defendant Long Beach Affordable Housing

24  Coalition, Inc. ("LBAHC") is a corporation which owns and operates Mrs. Ortega's

25  rental apartment unit, located at 130 E. 8th Street, in Long Beach ("subject property").

26  Upon information and belief, LBAHC took over ownership of the subject property on

27  or around February 1998.

28

1    9. Upon information and belief, Defendant Howard Kim Huntley ("Mr. Huntley") is

2   the Executive Director of LBAHC. Mr. Huntley is also an executive of Defendant

3   Gateway Affordable Housing Corporation. In these capacities, Mr. Huntley was and is

4   responsible for approving reasonable accommodation requests through policies,

5   practices and processes adopted and implemented directly by him and/or his partners,

6   agents or employees at the subject property. Mr. Huntley is also a California licensed

7   real estate broker. Mr. Huntley is an "owner" within the meaning of Cal. Gov't Code

8   §§ 12927(e) and 12955(a) and a "person" subject to the anti-discrimination provisions

9   of 42 U.S.C. § 3602(d). At all times mentioned and relevant herein, Mr. Huntley was

10  and is a resident of the County of Los Angeles.

11   10. Upon information and belief, at all times mentioned and relevant herein,

12  Defendant Eric Manuel ("Mr. Manuel") was and is the onsite resident property manager

13  of the subject property and an employee and agent of LBAHC and Gateway Affordable

14  Housing Corporation. Mr. Manuel is an "owner" within the meaning of Cal. Gov't

15  Code §§ 12927(e) and 12955(a) and a "person" subject to the anti-discrimination

16  provisions of 42 U.S.C. § 3602(d). At all times mentioned and relevant herein, Mr.

17  Manuel was and is a resident of the County of Los Angeles.

18   11. Upon information and belief, Defendant Gateway Affordable Housing

19  Corporation d/b/a Gateway Affordable Housing Coalition ("Gateway") is a real

20  property management company responsible for management of the day-to-day

21  operations of the subject property. Gateway is a corporation, whose license to do

22  business has been suspended by the California Franchise Tax Board. Mr. Manuel has

23  consistently utilized "Gateway" letterhead in his communications with Mrs. Ortega.

24  Inasmuch, LBAHC, Mr. Huntley and Mr. Manuel are doing business as Gateway, and

25  therefore are personally liable for any unlawful acts perpetuated by Gateway.

26   12. Plaintiffs are informed and believe, and, based thereon allege, that at all times

27  herein mentioned each and every Defendant was the agent, servant, employee, co-

28  conspirator, and/or representative of each and every other Defendant and was, in doing

1  the things complained of herein, acting within the scope of said agency, service,

2  employment, conspiracy, and/or representation, and that each and every Defendant was

3  acting within his/her actual or apparent authority with the full knowledge and consent of

4  each other Defendant.

5  **IV.  FACTUAL ALLEGATIONS**

6  **A.     Introduction**

7     13.  The subject property is a dwelling within the meaning of 42 U.S.C. § 3602(b).

8     14.  Defendants, acting individually or in concert, directly or through agents, have

9  engaged in a pattern or practice of discrimination against persons with disabilities in the

10  operation of the subject property, and all other properties owned, operated or managed

11  by Mr. Huntley, Mr. Manuel, LBAHC and Gateway.  Defendants continue to engage in

12  such a pattern or practice of discrimination so as to constitute a continuing violation.

13     15.  Defendants' unlawful conduct includes, but is not limited to, commission of the

14  following discriminatory housing practices:

15        a.  Failing to make reasonable accommodations in policies, practices, or

16            services, when such accommodations may be necessary to afford a disabled

17            person equal opportunity to use and enjoy a dwelling;

18        b.  Discriminating in the terms, conditions, or privileges of rental of a dwelling,

19            or in the provision of services or facilities in connection with such dwelling

20            because of disability;

21        c.  Making or causing to be made statements with respect to the rental of a

22            housing accommodation that indicates a preference, limitation, or

23            discrimination based on disability or an intention to make that preference,

24            limitation, or discrimination;

25        d.  Coercing, intimidating, threatening, or interfering with persons in the

26            exercise or enjoyment of rights granted or protected under the Federal Fair

27            Housing Amendments Act and/or California's Fair Employment and Housing

28            Act;

e.  Discriminating against or harassing an individual because of disability;

f.  Retaliating against a person who has opposed discriminatory practices;

g.  Otherwise making unavailable or denying a dwelling based on discrimination because of disability.

16.  In the alternative, Defendants have negligently failed to hire, train, supervise and discipline their agents and employees, and themselves, in order to conform the operation of the Subject Property to the standard of care for the industry.

17.  Upon information and belief, Defendants continue to engage in rental practices that discriminate against, and provide differential treatment to individuals with disabilities, so as to constitute a continuing violation.

**B.     Facts Upon Which All Claims Are Based**
   ***Mrs. Ortega's Tenancy***

18.  Upon information and belief, the subject property is a 47-unit residential rental property in Long Beach, California.  Mrs. Ortega presently resides in a 1-bedroom unit with her husband (and In Home Supportive Services provider), Chris Ortega. The Ortega family is extremely low-income.  Mrs. Ortega is a recipient of Section 8 housing assistance, Supplemental Security Income and In Home Supportive Services.

19.  The Ortegas established their tenancy at the subject property on or about April 9, 2009.  They have resided at the subject property continuously for last year and a half.

20.  When the Ortega family established their tenancy in April, 2009, the subject property was managed by a company named HDSI Management, Inc. ("HDSI"). Defendant Eric Manuel was an agent of HDSI at the time.  Mrs. Ortega verbally confirmed with Mr. Manuel that companion animals were allowed at the subject property if medical documentation can be provided.

21.  On or around July 2009, Mrs. Ortega provided medical documentation to HDSI stating she needed to live with a companion animal, her dog, Oscar.

22.  On July 18, 2009, Mr. Manuel sent Mrs. Ortega a letter stating, "I was informed by our Management Supervisor, Mr. Luis Arce, that your note was accepted and that you will be allowed to keep the dog.  No deposit will be necessary, as it is a reasonable accommodation."

### *Transfer of Property Management and Subsequent Failure to Accommodate*

23.  Upon information and belief, sometime between December 2009 and March 2010, LBAHC discontinued using HDSI Management, Inc. to manage LBAHC rental properties.  However, Mr. Manuel was kept on as the onsite manager of the subject property and continued to manage the property under the business name "Gateway Affordable Housing Coalition."

24.  In early 2010, Mr. Manuel began telling Mrs. Ortega to "get rid of" her companion animal because "Mr. Huntley doesn't want dogs anymore" or words to that effect.  Mr. Manuel would tell Mrs. Ortega to get rid of her dog on a weekly basis.

25.  In February 2010, Mrs. Ortega telephoned Mr. Huntley and told him that she had been previously approved for the companion animal at the subject property, and that Eric Manuel had approved the companion animal. Mrs. Ortega also told Mr. Huntley that she had medical documentation of her need for her companion animal.  In response, Mr. Huntley gave Mrs. Ortega a choice:  stay in the unit without the dog, or leave the unit with the dog.

26.  On March 5, 2010, Mrs. Ortega sent Mr. Huntley a correspondence via facsimile that stated in part "Now our dog...I have a doctors note for him.  I had permission to have him here.  The old management co. Eric knew that - now [he's] yelling about it a year later."  Mr. Huntley never responded to Mrs. Ortega's March 5, 2010 correspondence.

27.  Mr. Manuel continued to tell Mrs. Ortega to get rid of her companion animal, so in late March 2010, Mrs. Ortega placed Oscar at the Long Beach Humane Society.  While visiting Oscar 10 days later, the Humane Society informed Mr. and Mrs. Ortega that Oscar was going to be euthanized.  Mr. and Mrs. Ortega then used their extremely

limited funds to release Oscar from the pound.  Having no other alternatives, Mrs. Ortega brought Oscar back to her subject property with her.

28. On Independence Day, July 4, 2010, Defendant Eric Manuel issued to Mrs. Ortega a "3-Day Notice to Perform Conditions and/or Covenants or Quit" stating she was in violation of her lease agreement due to her having a dog.  The relevant portion of the notice stated:

> "All Service/Companion Animals must meet State and Federal Guidelines set forth by HUD.  These specifically trained animals must behave in a manor [sic] that will not compromise the safety, health and welfare of the building and/or its residents.  Since your animal does not meet or function in the capacity of a service animal, nor do we possess any written documentation regarding authorization on file. [sic]  We are hereby ordering you to remove this animal from the premises within 3-days of this notice, or face possible eviction."

29. Mr. Manuel personally served this above-referenced notice upon Ms. Ortega. Mrs. Ortega reminded Mr. Manuel that *he* was the one who accepted the medical documents in the first place, and expressed confusion about the 3-day notice.  Mr. Manuel instructed Ms. Ortega to call Mr. Huntley if she had a problem.

30. Mrs. Ortega called Mr. Huntley the same day.  She again informed Mr. Huntley that her dog had been approved as a reasonable accommodation upon her move in. She informed Mr. Huntley that all the papers regarding her companion animal should be in her tenant file.  Mr. Huntley's response was "I don't want dogs.  You live in an apartment complex, not a house," or words to that effect.  Mrs. Ortega volunteered to pay a $300 pet deposit to keep her companion animal.  Mr. Huntley's response was "I don't want dogs in that property," or words to that effect.  Mrs. Ortega pled with Mr. Huntley, explaining that Oscar was her companion animal, and that she had medical documents to prove it.  Mr. Huntley responded by saying "Get rid of the damn dog", or words to that effect, and instructed her to call the onsite property manager, Mr. Manuel if she had any further problems.

31. Defeated, and fearful of being evicted, the Ortegas found a place for Oscar to live behind a grocery store in a fenced parking lot three blocks from their home. Mrs. Ortega's husband visits Oscar three times a day, but Oscar's health is waning in the open elements and from lack of love and care. Because of Mrs. Ortega's health problems, she is largely confined to her home and rarely gets to see Oscar any more.

32. On July 7, 2010, Mrs. Ortega contacted Plaintiff Fair Housing Foundation ("FHF") for assistance in getting her reasonable accommodation request granted. A Case Analyst of FHF opened a case for Ms. Ortega and started gathering medical documentation of her disabilities and her need for a companion animal.

33. On August 3, 2010, FHF's Case Analyst prepared and sent a detailed letter to Defendants, describing Mrs. Ortega's disabilities, her need for a companion animal, and the legal grounds on which Mrs. Ortega was relying upon to make her reasonable accommodation request. This letter was sent via certified mail, and was signed for by someone at Defendants' business address on August 5, 2010.

34. After receiving no response from any of the Defendants, on August 16, 2010, FHF's Case Analyst sent a follow up letter to Defendants, telling Defendants they had five days to respond to the reasonable accommodation request. After again receiving no response from any of the Defendants, on August 24, 2010, FHF's Case Analyst telephoned the contact number listed on Mrs. Ortega's "3-Day Notice to Perform Conditions and/or Covenants or Quit." The Case Analyst called LBAHC. An employee requested that the Case Analyst fax the reasonable accommodation request attention "Andy." The request was faxed. A fax confirmation was received.

35. After again receiving no response from any of the Defendants, on September 3, 2010, the FHF Case Analyst sent another follow up letter to the Defendants. As of the date of this filing, none of the Defendants have responded to the FHF's request for accommodation on behalf of Ms. Ortega.

C. **Injuries to Plaintiffs**

36. Since Defendants rescinded their reasonable accommodation of Mrs. Ortega, and she was forced to remove Oscar from the home, Mrs. Ortega has suffered, and continues to suffer, irreparable harm including but not limited to: heightened anxiety, and more frequent panic attacks; loss of desire and ability to leave her apartment; stress; inability to sleep; and increased levels of hopelessness. Mrs. Ortega's doctors have increased the dosage of her anxiety medication, and Mrs. Ortega takes the medication more often due to the stress of being separated from Oscar. Accordingly, Ms. Ortega is entitled to compensatory damages.

37. FHF's resources have been, and will continue to be diverted from its counseling, outreach, education services to investigate and address this complaint of discrimination. Defendants' discriminatory acts have frustrated and will continue to frustrate FHF's mission to actively support and promote fair housing. Accordingly, FHF is entitled to compensatory damages.

38. The unlawful practices of the Defendants as described above were and are willful, wanton, malicious, fraudulent, or oppressive; were intended to cause injury to Plaintiffs, and/or were done in conscious, callous, reckless, or deliberate disregard for the federally protected rights of the Plaintiffs. Accordingly, Plaintiffs are entitled to punitive damages.

39. There now exists an actual case or controversy between the parties regarding Defendants' duties under federal and state fair housing laws. Accordingly, Plaintiffs are entitled to declaratory relief.

40. Unless enjoined, Defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above. Plaintiffs have no adequate remedy at law. Therefore, Plaintiffs are entitled to injunctive relief.

**V. CLAIMS FOR RELIEF**

### A.    First Claim - Fair Housing Amendments Act
### By All Plaintiffs Against Defendants

41.  Plaintiffs herein re-allege and incorporate by reference paragraphs 1 through 40 of this complaint.

42.  Defendants have injured Plaintiffs by committing discriminatory housing practices in violation of the Fair Housing Amendments Act of 1988 (FHAA), 42 U.S.C. § 3601, et seq.  Defendants' unlawful conduct includes, but is not limited to, commission of the following discriminatory housing practices:

a.   Failing to make reasonable accommodations in policies, practices, or services, when such accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B);

b.  Discriminating in the rental of, or otherwise making unavailable or denying a dwelling to a person because of disability, in violation of 42 U.S.C. § 3604(f)(1);

c.  Discriminating in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of disability, in violation of 42 U.S.C. § 3604(b);

d.  Making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on disability, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c);

e.  Coercing, intimidating, threatening, or interfering with persons in the exercise or enjoyment of rights granted or protected under the Federal Fair Housing Amendments Act, in violation of 42 U.S.C. § 3617.

43.  As a direct and proximate result of the acts and omissions herein alleged, Mrs. Ortega has suffered, and continues to suffer damage, emotional distress, hardship and anxiety.

44.  As a direct and proximate result of the acts and omissions herein alleged, FHF has suffered, and continues to suffer frustration of its mission and a diversion of its finite resources.

45.  Defendants' conduct constitutes an ongoing and continuous violation of the FHAA.  Unless enjoined, said conduct will continue to inflict injuries for which Plaintiffs have no adequate remedy at law.

46.  Pursuant to 42 U.S.C. §3613(c)(1) and (2) Defendants are liable to Plaintiffs for compensatory damages, punitive damages, injunctive relief, and attorneys' fees and costs.

**B.    Second Claim – California Fair Employment and Housing Act**
**By All Plaintiffs Against Defendants**

47.  Plaintiffs re-allege and incorporate by reference paragraphs 1 through 46 of the complaint herein.

48.  Defendants have injured Plaintiffs by committing discriminatory housing practices in violation of the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code §12955 et seq.  Defendants' unlawful conduct includes, but is not limited to, commission of the following discriminatory housing practices:

    a.  Discriminating against or harassing an individual because of disability, in violation of Cal. Gov't Code §§12955(a) and (d);

    b.  Making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a housing accommodation that indicates any preference, limitation, or discrimination based on disability or an intention to make that preference, limitation, or discrimination, in violation of Cal. Gov't Code §12955(c);

    c.  Harassing, evicting, or otherwise discriminating against any person in the sale or rental of housing accommodations when the owner's dominant purpose is retaliation against a person who has opposed practices unlawful under FEHA, in violation of Cal. Gov't Code §12955(f);

    d.  Aiding, abetting, inciting, compelling, or coercing the doing of any of the acts or practices declared unlawful under FEHA, or to attempt to do so, in violation of Cal. Gov't Code §12955(g);

    e.  Otherwise making unavailable or denying a dwelling based on discrimination because of disability, in violation of Cal. Gov't Code §12955(k);

    f.  Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of that person having exercised or

1    enjoyed, or on account of that person having aided or encouraged any other

2    person in the exercise or enjoyment of, any right granted or protected by the

3    Fair Employment and Housing Act, in violation of Cal. Gov't Code

4    §12955.7.

5    49.  As a direct and proximate result of the acts and omissions herein alleged, Mrs.

6    Ortega has suffered, and continues to suffer damage, emotional distress, hardship and

7    anxiety.

8    50.  As a direct and proximate result of the acts and omissions herein alleged, FHF

9    has suffered, and continues to suffer frustration of its mission and a diversion of its finite

10   resources.

11   51.  Pursuant to Cal. Govt. Code § 12989.2 Plaintiff is entitled to injunctive relief,

12   compensatory damages, punitive damages, and attorney's fees and costs.

13                    **C.    Third Claim - California Unruh Civil Rights Act**

14                    **By Plaintiff Renee Ortega Against All Defendants**

15   52.  Plaintiffs herein re-allege and incorporate by reference paragraphs 1 through 51

16   of this complaint.

17   53.  Defendants have injured Mrs. Ortega by committing discriminatory housing

18   practices in violation of the California Unruh Civil Rights Act, Cal. Civ. Code § 51 et

19   seq.

20   54.  Defendants' actions constitute intentional discrimination against Mrs. Ortega on

21   the basis of disability in violation of the Unruh Civil Rights Act, CAL. CIV. CODE § 51 et

22   seq., in that Defendants willfully and knowingly withdrew a previously granted

23   reasonable accommodation and willfully and knowingly failed to modify its policies to

24   accommodate the disability-related need of Mrs. Ortega for a companion animal even

25   after being notified of Mrs. Ortega's disabilities and her ongoing need for such

26   accommodation.

27   55. Pursuant to California Civil Code § 52.1(f), Defendants are liable to Mrs. Ortega

28   in an amount totaling no less than $4,000 for every violation of California Civil Code

1  §51 et seq. or three times of actual damages, for injunctive relief and for attorneys' fees
2  and costs incurred in this action.

### F.     Fourth Claim –Negligence
### By All Plaintiffs Against Defendants

56.  Plaintiffs herein re-allege and incorporate by reference paragraphs 1 through 55 of this complaint.

57.  Defendants owed Plaintiffs a duty to operate the subject property in a manner that was free from unlawful discrimination and to employ, train, and supervise their directors, employees, agents, and themselves to fulfill that duty. Defendants breached that duty by refusing to provide Mrs. Ortega with reasonable accommodations for her disabilities.

58.  Defendants' negligence has harmed and continues to harm Mrs. Ortega in that they have been denied the full use and enjoyment of her dwelling.  Defendants' negligence has harmed and continues to harm Plaintiff  FHF by forcing it to divert its scarce resources to combat Defendants' unlawful conduct and frustrating its mission.

59.  Defendants' negligence includes but is not limited to:

    a.  Defendants' negligent failure to train or educate their employees, agents, representatives and each other regarding the requirements of state fair housing laws;

    b.  Defendants' negligent failure to supervise their employees, agents, representatives and each other regarding compliance with the requirements of federal and state fair housing laws; and

    c.  Defendants' negligent failure to operate the subject property in conformity with accepted industry custom and standards.

## VI.   PRAYER FOR RELIEF

Plaintiffs pray this Court enter judgment as follows:

1.  Declare that the discriminatory practices of the Defendants as set forth above, violate the Fair Housing Act, as amended, 42 U.S.C. § 3601, et seq., the California Fair

1   Employment and Housing Act, Cal. Gov't. Code § 12955, et seq., and the Unruh Civil

2   Rights Act, Cal. Gov't. Code § 51.

3       2.  Enjoin Defendants to grant Mrs. Ortega's reasonable accommodation request

4   by allowing her to reside with an emotional support animal.

5       4.  Enjoin Defendants, their agents, employees, successors, and all other persons

6   in active concert or participation with Defendants from continuing to discriminate on the

7   basis of disability against Mrs. Ortega, her family, or against any other person who is a

8   prospective or current tenant at rental properties owned and operated by Defendants, in

9   violation of the above federal and state laws in any aspect of the occupancy of a

10  dwelling.

11      5.  Order that Defendants provide equal housing opportunities to all prospective

12  and in-place tenants at rental properties owned and operated by Defendants, engage in

13  comprehensive fair housing training, and submit to monitoring of their practices and

14  records in order to ensure compliance with the fair housing laws.

15      6.  Award compensatory damages to Plaintiffs according to proof.

16      7.  Award statutory damages to Mrs. Ortega in an amount totaling three times her

17  actual damages, but in no instance less than $32,000.

18      8.  Award punitive damages to Plaintiffs.

19      9.  Award any other such damages as may be allowed under all the above federal

20  and state laws.

21      10.  Award Plaintiffs their reasonable attorneys' fees and costs.

22      11.  Award all such other relief as the Court deems just.

23

24  Dated:  November 15, 2010

25                                                    ANNETTE MORASCH
                                                      Attorney for Plaintiffs
26

27

28

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV10- 8798 DDP  (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

ORIGINAL

ANNETTE MORASCH (State Bar No. 263797)
amorasch@hrc-la.org
Southern California
Housing Rights Center, Inc.
520 S. Virgil Ave., Suite 400
Los Angeles, CA 90020

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE ORTEGA, an individual;  (See attachment for additional parties)<br><br>PLAINTIFF(S)<br>v.<br>LONG BEACH AFFORDABLE HOUSING COALITION, Inc., a California corporation;  (See attachment for additional parties)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10-8798** (JCGx) DDP<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Annette Morasch_____, whose address is _520 S. Virgil Ave., Suite 400,  Los Angeles, CA 90020_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __11-17-10_____

By_____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

ORIGINAL

## ATTACHMENT A

**PLAINTIFFS CONT.**

and **FAIR HOUSING FOUNDATION**, a California non-profit corporation;

**DEFENDANTS CONT.**

**GATEWAY AFFORDABLE HOUSING CORPORATION**, a California corporation d/b/a **GATEWAY AFFORDABLE HOUSING COALITION; HOWARD KIM HUNTLEY,** as an individual and as Executive Director of Long Beach Affordable Housing Coalition, Inc. and Gateway Affordable Housing Corporation; **ERIC MANUEL,** as an individual and as a managing agent of Long Beach Affordable Housing Coalition, Inc., and Gateway Affordable Housing Corporation

COPY

ANNETTE MORASCH (State Bar No. 263797)
amorasch@hrc-la.org
Southern California
Housing Rights Center, Inc.
520 S. Virgil Ave., Suite 400
Los Angeles, CA 90020

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE ORTEGA, an individual;  (See attachment for additional parties)<br><br>PLAINTIFF(S)<br><br>v.<br><br>LONG BEACH AFFORDABLE HOUSING COALITION, Inc., a California corporation;  (See attachment for additional parties)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10-8798 DDP (JCGx)<br><br><br>SUMMONS |

TO:     DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  _Annette Morasch_____, whose address is _520 S. Virgil Ave., Suite 400,  Los Angeles, CA 90020_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___11-17-10___

By: ___**TANYA DURANT**___

Deputy Clerk

*(Seal of the Court)*  1188

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

COPY

## ATTACHMENT A

**PLAINTIFFS CONT.**

and **FAIR HOUSING FOUNDATION**, a California non-profit corporation;


**DEFENDANTS CONT.**

**GATEWAY AFFORDABLE HOUSING CORPORATION**, a California corporation d/b/a **GATEWAY AFFORDABLE HOUSING COALITION; HOWARD KIM HUNTLEY,** as an individual and as Executive Director of Long Beach Affordable Housing Coalition, Inc. and Gateway Affordable Housing Corporation; **ERIC MANUEL**, as an individual and as a managing agent of Long Beach Affordable Housing Coalition, Inc., and Gateway Affordable Housing Corporation

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| RENEE ORTEGA, an individual; and FAIR HOUSING FOUNDATION, a California non-profit corporation; | LONG BEACH AFFORDABLE HOUSING COALITION, Inc., a California corporation;  (See attachment for additional parties) |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Annette Morasch,  HOUSING RIGHTS CENTER<br>520 S. Virgil Avenue, Suite 400, Los Angeles, CA 90020<br>213-387-8400 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
This action seeks relief against defendant based on their unlawful discrimination based on disability under the Fair Housing Act of 1968 42 U.S.C. 3601-3619

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☑ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

**CV10-8798**

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                           ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                           ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                           ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | N/A |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date November 15, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**ATTACHMENT A**

**DEFENDANTS CONT.**

**GATEWAY AFFORDABLE HOUSING CORPORATION**, a California corporation d/b/a **GATEWAY AFFORDABLE HOUSING COALITION; HOWARD KIM HUNTLEY,** as an individual and as Executive Director of Long Beach Affordable Housing Coalition, Inc. and Gateway Affordable Housing Corporation;  **ERIC MANUEL**, as an individual and as a managing agent of Long Beach Affordable Housing Coalition, Inc., and Gateway Affordable Housing Corporation